# COMPOSITE EXHIBIT A

**12-Person Jury**

Firm No. 64641

FILED
4/21/2022 6:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03751
Calendar, 5
17600609

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 4/21/2022 6:34 PM  2022CH03751

| | |
|---|---|
| DARLENE WILLIAMS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 2022CH03751 |
| v. | ) ) CLASS ACTION |
| ENHANCED RECOVERY COMPANY, LLC, | ) ) JURY TRIAL DEMANDED |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Darlene Williams, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and alleges as follows:

### NATURE OF THE CASE

1.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection.  15 U.S.C. §§ 1692(a) – 1692(e).  Any person who receives a debt

1

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.       To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.       Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.       Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

7.       "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

8.       Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

2

FILED DATE: 4/21/2022 6:34 PM 2022CH03751

9.    Defendant collects debts from consumers in Illinois.

10.    Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11.    Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12.    Plaintiff is a resident of the State of Illinois, from whom Defendant attempted to collect an allegedly delinquent consumer debt owed for an allegedly defaulted Synchrony Bank consumer credit account.

13.    Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

14.    Defendant Enhanced Recovery Company, LLC ("ERC" or "Defendant"), is a Delaware limited liability company that does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

15.    ERC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16.    ERC regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another.

17.    ERC is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

3

FILED DATE: 4/21/2022 6:34 PM    2022CH03751

## FACTUAL ALLEGATIONS

18.     According to Defendant, Plaintiff incurred a debt, originally for a Synchrony Bank consumer account ("Account").

19.     Plaintiff used the Account primarily for personal, family, and household purchases.

20.     The Account is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

21.     The Account was not paid and subsequently went into default.

22.     Synchrony Bank retained the services of Defendant ERC, in an attempt to collect on the Account.

23.     On or about November 9, 2021, ERC mailed Plaintiff a collection letter (the "Letter") in an attempt to collect the Account from Plaintiff. (Exhibit A, Letter).

24.     The Letter conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and an account number.

25.     The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

26.     Plaintiff read the letter.

27.     The Letter was sent in an envelope with a glassine window through which a barcode was visible printed below the return address and the sentence "Please do not send correspondence to this address" was printed above the return address. (Ex. A, Letter).

28.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

29.     15 U.S.C. § 1692f of the FDCPA provides as follows:

FILED DATE: 4/21/2022 6:34 PM    2022CH03751

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

30.     Thus, the presence of the barcode and sentence visible through the glassine window of the envelope violated § 1692f(8).

31.     ERC used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

32.     The inclusion of any language that is not ERC's business name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation based on the inclusion of "TIME SENSITIVE DOCUMENT" on an envelope) (emphasis in the original).

33.     The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's name and address is permitted. Id. (finding no exception even for so-called "benign language" on an envelope).

34.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

44.     Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom ERC attempted to collect a Synchrony

5

Bank debt (3) using a letter materially identical to that attached as Exhibit A to Plaintiff's

Complaint (4) which was sent in an envelope with a glassine window through which a barcode

and the sentence "Please do not send correspondence to this address" was visible (5) sent

between one year prior to the filing of this Complaint up to the filing of this Complaint (the

"Class").

45.     Plaintiff may alter the Class definition to conform to developments in the case and

discovery.

46.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

47.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder

of all individual plaintiffs would be impracticable. The exact number of members of the Class is

presently unknown and can only be ascertained through discovery because that information is

exclusively in the possession of Defendant.  However, it is reasonable to infer that more than 40

Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form

letter.  Members of the Class can be easily identified through Defendant's records.  Class

members may be notified of the pendency of this action by recognized, Court-approved notice

dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or

published notice.

48.     **Commonality and Predominance:** Plaintiff's claims are typical of the claims of

the Class. Common questions of law or fact raised by this class action complaint affect all

members of the Class and predominate over any individual issues. Common relief is therefore

sought on behalf of all members of the Class.

49.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class

because her interests do not conflict with the interests of the members of the Class she seeks to

6

FILED DATE: 4/21/2022 6:34 PM    2022CH03751

represent, and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the Class members.

50.     **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## <u>COUNT I – FAIR DEBT COLLECTION PRACTICES ACT</u>

51.     Plaintiff re-alleges and incorporates the above paragraphs into this count.

52.     ERC used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff asks for an award in her favor and against Defendant as follows:

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

A.  Certification of the proposed Class;

B.  Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.  Statutory damages pursuant to 15 U.S.C. § 1692a(2);

D.  Attorney's fees, litigation expenses, and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

E.  Such other or further relief as the court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/*Seth McCormick*_____
        Seth McCormick

Seth McCormick
**Great Lakes Consumer Law Firm, LLC.**
73 W. Monroe St., Suite 100
Chicago, IL 60603
Tel 312-971-6787
Email: seth@glclf.com

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
980 N Michigan Ave, Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com


*Attorneys for Plaintiff*

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

# EXHIBIT A



Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

FIRST CLASS

DARLENE WILLIAMS

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

FILED DATE: 4/21/2022 6:34 PM   2022CH03751



FILED DATE: 4/21/2022 6:34 PM   2022CH03751

November 09, 2021

Creditor:               Synchrony Bank/HSN Card
Account Number:
Amount of Debt:         $6,282.51
Reference Number:

DARLENE WILLIAMS

Our records indicate that your balance with Synchrony Bank remains unpaid; therefore, your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $1,884.75, given this offer is accepted by January 08, 2022.

Upon receipt and clearance of $1,884.75, your account will be satisfied.

We are not obligated to renew this offer.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.



 For self-service options, please visit our website at https://ssp.ercbpo.com.

 Telephone: (800) 383-5914 Toll Free. All calls are recorded and may be monitored for training purposes.

Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241

Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm

 Pay with cash at participating locations free of charge. See reverse for details.



**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**



Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456

November 09, 2021

DARLENE WILLIAMS

| Reference Number | Amount of Debt |
| --- | --- |
|  | $6,282.51 |

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870

FILED DATE: 4/21/2022 6:34 PM 2022CH03751

**Federal Notice:**
Pursuant to 15 U.S.C./1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Tennessee Residents:**
This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Minnesota Residents:**
This Collection Agency is licensed by the Minnesota Department of Commerce.

**North Carolina Residents:**
North Carolina Department of Insurance Permit Number: 103967.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 7200 S. Alton Way, Suite B180, Centennial, CO 80112, (303) 309-3839.

**Our Corporate Information is:**
Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers
8014 Bayberry Road
Jacksonville, FL 32256
https://ssp.ercbpo.com

**California Residents:**
The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

ERC® is a Service Provider under the California Consumer Privacy Act (CCPA). For more information regarding the data we collect and how we use it, please visit https://www.ercbpo.com/help/privacy-policy or call 1-800-507-0052.

**Massachusetts Residents:**
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 AM AND 5 PM EST, AT THE TELEPHONE NUMBER LISTED ON THE FRONT OF THIS NOTICE. LOCAL ADDRESS: 49 WINTER STREET, WEYMOUTH, MA 02188.

--- --- Cut on dotted line and bring this bottom PaySlip notice to make a payment. --- ---

# PAY WITH CASH AT PARTICIPATING CVS PHARMACY AND 7-ELEVEN STORES

There is no fee to make this payment - bring this notice with you.
Visit paynearme.com/locations to find participating locations. Payments could take up to 3 business days to post.

| CVS Pharmacy Cashier Instructions | Store Associate Instructions |
|---|---|
| 1. Scan barcode below | 1. Ask customer how much they want to pay |
| 2. Ask the customer how much they want to pay | 2. Press LOAD button |
| 3. Enter the amount and collect payment | 3. Scan barcode and collect payment |
| 4. Give the customer their receipt | 4. Return PaySlip and provide receipt |

♥CVS pharmacy™ 

GZCZXK

PayNearMe 

LOAD LIKE GIFT CARD

GZCZXK

PayNearMe

Cashiers call (888) 342-0955 for PayNearMe cash payment help. Subject to terms of use at www.paynearme.com.
Please present only the barcode section of this remit slip to clerk. No additional information or details are necessary for the clerk to process the desired transaction amount.
ERC® is not responsible for any sharing of this information, by you, the consumer, to anyone including the party transacting this payment.

Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers, P.O. Box 57610, Jacksonville, FL 32241, (800) 383-5914

# Exhibit B

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

FILED DATE: 4/21/2022 6:34 PM    2022CH03751

Firm No. 64641

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DARLENE WILLIAMS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | CLASS ACTION |
| ENHANCED RECOVERY COMPANY, LLC, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Darlene Williams respectfully requests that the Court order that this action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may proceed on behalf of a class against Defendant Enhanced Recovery Company, LLC ("ERC" or "Defendant").

The class consists of (1) all persons similarly situated in the State of Illinois (2) from whom ERC attempted to collect a Synchrony Bank debt (3) using a letter materially identical to that attached as Exhibit A to Plaintiff's Complaint (4) which was sent in an envelope with a glassine window through which a barcode and the sentence "Please do not send correspondence to this address" was visible (5) sent between one year prior to the filing of this case up to the filing of this case.

Plaintiff is required to file a motion for class certification prior to any tender of payment by ERC to ensure that Plaintiff's individual claims are not mooted, and Plaintiff may request

1

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

leave to supplement the motion at a later date. *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644 (2015).

In support of this motion, Plaintiff states as follows:

## NATURE OF THE CASE

1.      Plaintiff is a natural person residing in Chicago, Illinois.

2.      ERC is a Delaware limited liability company, engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

3.      On or about November 9, 2021, ERC sent a collection letter (the "Letter") to Plaintiff, a copy of which is attached hereto as <u>Appendix A</u>.

4.      The Letter conveyed various information regarding the debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

5.      The Letter was sent in an envelope with a glassine window through which a barcode was visible printed below the return address and the sentence "Please do not send correspondence to this address" was printed above the return address. (Appx. A).

6.      The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

7.      Thus, the presence of the barcode and sentence visible through the glassine window violated § 1692f(8).

8.      ERC used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

## THE FAIR DEBT COLLECTION PRACTICE ACT

9.       The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

10.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

11.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

12.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

13.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

FILED DATE: 4/21/2022 6:34 PM 2022CH03751

14.     Plaintiff seeks to enforce those policies and civil rights which are expressed

through the FDCPA.

15.     Statutory damages are recoverable for violations, whether or not the consumer

proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Servs.*

*Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

16.     Illinois law allows for the maintenance of class actions when the following

prerequisites are met:

    (1)     The class is so numerous that joinder of all members is impracticable.

    (2)     There are questions of fact or law common to the class, which common
           questions predominate over any questions affecting only individual members.

    (3)     The representative parties will fairly and adequately protect the interest of the
           class.

    (4)     The class action is an appropriate method for the fair and efficient
           adjudication of the controversy.

735 ILCS 5/2-801.

17.     The class action determination is to be made as soon as practicable after the

commencement of an action brought as a class action and before any consideration of the merits.

735 ILCS 5/2-802.

18.     Decisions regarding class certification are left to the "sound discretion" of the

circuit court and will be overturned only where the court clearly abuses that discretion or applied

"impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 126 (Ill.

2005).

19.     Class actions are essential to enforce laws protecting consumers. As the court

stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App. 3d 995, 1004 (1st Dist. 1991):

4

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

In a large and impersonal society, class actions are often the last barricade of consumer protection . . . . [T]he consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action—private suits or governmental actions—have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.

20.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *See, e.g., Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

21.     As demonstrated below, each of the requirements for class certification is met.

1.     **Numerosity**

22.     Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure 23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *See Kulins v. Malco*, 121 Ill. App. 3d 520, 530 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

23.     It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic*

FILED DATE: 4/21/2022 6:34 PM 2022CH03751

*Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y 19786). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination .... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 NEWBERG ON CLASS ACTIONS (3d ed. 1995), §7.22.

24.     In the present case, Plaintiff alleges, based on the volume of Defendant's collection activity and the use of form letters, that there are more than 40 class members, making them so numerous that joinder is impracticable.

25.     While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F.Supp. 254, 256 (D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of).

## 2.   Common Questions and Predominance

26.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or

FILED DATE: 4/21/2022 6:34 PM 2022CH03751

similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

27. In the present case, the predominant common questions are (i) whether ERC sends collection letters in envelopes that contain any language or symbols other than the its address or business name, (ii) whether such practices violate the FDCPA, and (iii) ERC's liability for such violations.

28. Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

29. The only individual issue is the identification of the class members, a matter easily ascertainable from ERC's files.

30. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

### 3. **Adequacy of Representation**

31. The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

32.     Plaintiff has retained experienced counsel, as indicated on <u>Appendix B</u>, <u>Appendix C</u>, and <u>Appendix D</u>, which sets forth counsel's qualifications.

33.     There are no conflicts between Plaintiff and the class members.

### 4.   <u>Appropriateness of Class Action</u>

34.     Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D 545 (N.D. Ill. 1972). It is proper for a court, in deciding this issue, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

35.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

### <u>CONCLUSION</u>

36.     The Court should certify this action as a class action.

Respectfully submitted,

By: /s/*Seth McCormick*
Seth McCormick

Seth McCormick
**Great Lakes Consumer Law Firm, LLC.**
73 W. Monroe St., Suite 100
Chicago, IL 60603
Tel 312-971-6787
Email: seth@glclf.com

8

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

## **CERTIFICATE OF SERVICE**

I, Seth McCormick, I had this document placed for service with the complaint to the

following parties:

Enhanced Recovery Company
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, Illinois 62703


/s/*Seth McCormick*
Seth McCormick

9

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

# APPENDIX A



Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

FIRST CLASS

DARLENE WILLIAMS

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

FILED DATE: 4/21/2022 6:34 PM   2022CH03751



FILED DATE: 4/21/2022 6:34 PM 2022CH03751

November 09, 2021
**Creditor:** Synchrony Bank/HSN Card
**Account Number:**
**Amount of Debt:** $6,282.51
**Reference Number:**

DARLENE WILLIAMS

Our records indicate that your balance with Synchrony Bank remains unpaid; therefore, your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $1,884.75, given this offer is accepted by January 08, 2022.

Upon receipt and clearance of $1,884.75, your account will be satisfied.

We are not obligated to renew this offer.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.



For self-service options, please visit our website at https://ssp.ercbpo.com.

Telephone: (800) 383-5914 Toll Free. All calls are recorded and may be monitored for training purposes.

Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241

Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm; Fri: 8:00 am-10:00 pm; Sat: 8:00 am-8:00 pm

Pay with cash at participating locations free of charge. See reverse for details.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456

November 09, 2021

**Reference Number**     **Amount of Debt**
                         $6,282.51


DARLENE WILLIAMS

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870

14YT64-10005-SIF_01_015-SBM10-13

**Federal Notice:**
Pursuant to 15 U.S.C./1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Tennessee Residents:**
This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Minnesota Residents:**
This Collection Agency is licensed by the Minnesota Department of Commerce.

**North Carolina Residents:**
North Carolina Department of Insurance Permit Number: 103967.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 7200 S. Alton Way, Suite B180, Centennial, CO 80112, (303) 309-3839.

**Our Corporate Information is:**
Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers
8014 Bayberry Road
Jacksonville, FL 32256
https://ssp.ercbpo.com

**California Residents:**
The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

ERC® is a Service Provider under the California Consumer Privacy Act (CCPA). For more information regarding the data we collect and how we use it, please visit https://www.ercbpo.com/help/privacy-policy or call 1-800-507-0052.

**Massachusetts Residents:**
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 AM AND 5 PM EST, AT THE TELEPHONE NUMBER LISTED ON THE FRONT OF THIS NOTICE. LOCAL ADDRESS: 49 WINTER STREET, WEYMOUTH, MA 02188.

---

*Cut on dotted line and bring this bottom PaySlip notice to make a payment.*

# PAY WITH CASH AT PARTICIPATING CVS PHARMACY AND 7-ELEVEN STORES

There is no fee to make this payment - bring this notice with you.
Visit paynearme.com/locations to find participating locations. Payments could take up to 3 business days to post.

| CVS Pharmacy Cashier Instructions | Store Associate Instructions |
|---|---|
| 1. Scan barcode below | 1. Ask customer how much they want to pay |
| 2. Ask the customer how much they want to pay | 2. Press LOAD button |
| 3. Enter the amount and collect payment | 3. Scan barcode and collect payment |
| 4. Give the customer their receipt | 4. Return PaySlip and provide receipt |

♥CVS pharmacy®



GZCZXK

LOAD LIKE GIFT CARD

GZCZXK

PayNearMe 

PayNearMe

Cashiers call (888) 342-0955 for PayNearMe cash payment help. Subject to terms of use at www.paynearme.com.
Please present only the barcode section of this remit slip to clerk. No additional information or details are necessary for the clerk to process the desired transaction amount.
ERC® is not responsible for any sharing of this information, by you, the consumer, to anyone including the party transacting this payment.

Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers, P.O. Box 57610, Jacksonville, FL 32241, (800) 383-5914

FILED DATE: 4/21/2022 8:34 PM 2022CH03761

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

# APPENDIX B

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| DARLENE WILLIAMS, on behalf of<br>herself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | CLASS ACTION |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## <u>DECLARATION OF SETH MCCORMICK</u>

I, Seth McCormick, being first duly sworn on oath, depose and state as follows:

1.      I am one of the attorneys for the Plaintiff above named.

2.      I have been admitted to the practice of law in the State of Illinois since November 2012.

3.      Prior to being admitted to the practice of law in the State of Illinois, I was admitted to practice law in the State of Texas. I have been admitted to the practice of law in the State of Texas since May 2004.

4.      I am admitted to practice in the United States District Courts for the Northern District of Illinois.

5.      I am also admitted to practice in the Seventh Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

6.      I am a member of the National Association of Consumer Advocates since 2021.

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

7.      I graduated from South Texas College of Law *cum laude* in 2003. Thereafter I worked as an associate Hays, McConn, Rice & Pickering ("Hays McConn"). While at Hays McConn I primarily represented businesses in personal injury and commercial litigation disputes. I left Hays McConn in October 2007 and joined a real estate litigation boutique at Glenn K. Weichert, LLC, as an associate. At Weichert, I represented various types of landowners in real estate disputes cases, as well as other clients in general litigation.

8.      In October 2008, I left Weichert to join, Mosbacher Energy Co. as an oil & gas attorney and landman.

9.      In October 2009, I moved to Chicago, Illinois and held various short-term positions doing legal work on a short-term contract basis.

10.     In April 2012, I joined Brown Legal Advisors, LLC, as an associate and became a partner in the firm in 2014. At this firm, I represented (a) distressed debt investors in chapter 7 and chapter 11 proceedings around the country, (b) chapter 11 debtors in bankruptcy cases and related litigation, and (c) chapter 7 trustees in contested creditor litigation. I also provided consulting services to investment firms for investment opportunities that involved litigation and potential bankruptcy proceedings.

11.     In January 2015 I became the managing partner of Brown Legal Advisors and continued to operate the law firm until December 2019.

12.     In March 2020, I left Brown Legal Advisors to start my own firm, Great Lakes Consumer Law Firm, LLC, which focuses on consumer protection litigation.

13.     I have substantial experience in federal court litigation, financial litigation, bankruptcy litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and financial sector, which are the main focus of my practice.

2

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

14.     I have represented plaintiffs in dozens of FDCPA and other consumer

protection cases.

Pursuant to 28 U.S.C. § 1746(2), I, Seth McCormick, hereby declare under penalty of

perjury that the foregoing is true and correct.


Dated:  March 18, 2022                        /s/ *Seth McCormick*
                                              Seth McCormick


Seth McCormick
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E: seth@glclf.com

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

# APPENDIX C

FILED DATE: 4/21/2022 6:34 PM  2022CH03751

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DARLENE WILLIAMS, on behalf of herself and all others similarly situated, )<br>)<br>) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | CLASS ACTION |
| ) | |
| ENHANCED RECOVERY COMPANY, LLC, ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

### **DECLARATION OF CELETHA C. CHATMAN**

I, Celetha C. Chatman, Esq., being first duly sworn on oath, depose and state as follows:

1.      I am one of the attorneys for the Plaintiff above named.

2.      I am admitted to practice within the State Courts of Illinois as of November 5, 2015.

3.      I am a member of the Bar of the United States District Court for the Northern District of Illinois.

4.      I am member of the Bar of the Bankruptcy Court for the Northern District of Illinois.

5.      I have significant experience in FDCPA litigation, which is the focus of my practice.

6.      I am or have been counsel to more than 500 FDCPA cases in the Northern District.

1

FILED DATE: 4/21/2022 6:34 PM   2022CH03751

7.      That the following is a sample of my FDCPA class actions:

> *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N. D. IL)
> *Garret v. David B. Blaskovich P.C.*; 17-cv-0087 (N.D. IL).

Pursuant to 28 U.S.C. § 1746(2), I, Celetha C. Chatman, hereby declare under penalty of

perjury that the foregoing is true and correct.

Dated:  March 18, 2022                       */s/ Celetha C. Chatman*
                                                    Celetha C. Chatman

Celetha C. Chatman
Community Lawyers, LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

FILED DATE: 4/21/2022 6:34 PM  2022CH03751

# APPENDIX D

FILED DATE: 4/21/2022 6:34 PM  2022CH03751

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DARLENE WILLIAMS, on behalf of<br>herself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

CLASS ACTION

JURY TRIAL DEMANDED

### DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, being first duly sworn on oath, depose and state as follows:

1.      I am one of the attorneys for the Plaintiff above named.

2.      I am admitted to practice within the State Courts of Illinois as of May 1, 2014.

3.      I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

4.      I am a member of the National Association of Consumer Advocates as of November 2011.

5.      I am or have been counsel to over 800 FDCPA cases in the Northern District.

6.      I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

7.      I have published and lectured on the Fair Debt Collection Practices Act. (e.g., Michael J. Wood, Abstention Doctrine and the Fair Debt Collection Practices Act, 89 Chi.-Kent. L. Rev. 1191 (2014)).

8.      Class actions: I have certified several classes for settlement purposes in the

following cases: *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D. Ill.); *Szczesniak v.*

*National Account Services*, 14-cv-10346 (N.D. Ill.); *Garret v. David B. Blaskovich P.C.*; 17-cv-

0087 (N.D. IL); *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.)

        Pursuant to 28 U.S.C. § 1746(2), I, Michael Jacob Wood, hereby declare under penalty

of perjury that the foregoing is true and correct.

        Dated:  March 18, 2022                    */s/ Michael Jacob Wood*
                                                  Michael Jacob Wood


Michael J. Wood
Community Lawyers LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 5

FILED
6/1/2022 3:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03751
Calendar, 5
18120575

FILED DATE: 6/1/2022 3:45 PM   2022CH03751

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

DARLENE WILLIAMS, on behalf of herself
and all others similarly situated,

Plaintiff(s)

v.

ENHANCED RECOVERY COMPANY,
LLC

Defendant(s)

Case No.   2022CH03751

c/o Illinois Corporation Service
801 Adlai Stevenson Dr., Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one):   Certified Mail   • Sheriff Service   Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**            **(12/01/20) CCG 0001 B**

FILED DATE: 6/1/2022 3:45 PM   2022CH03751

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

---

Atty. No.:   60070

Pro Se 99500

Name:   Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address:   980 N. Michigan Ave., Suite 1400

City:   Chicago

State:   IL    Zip:   60611

Telephone:   (312) 757-1880

Primary Email:   cchatman@communitylawyersgroup.co

Witness date _____

6/1/2022 3:45 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

FILED DATE: 6/1/2022 3:45 PM   2022CH03751